# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF SOUTH CAROLINA
# COLUMBIA DIVISION

| | |
|---|---|
| Todd Lawrence, ) | |
| ) | Civil Action No.: 3:17-cv-03483-JMC |
| Plaintiff, ) | |
| ) | |
| v. ) | **ORDER** |
| ) | |
| Halocarbon Products Corporation, ) | |
| ) | |
| Defendant. ) | |

This matter is before the court for review of the Magistrate Judge's Report and Recommendation ("Report") filed on July 3, 2019. (ECF No. 43.) The Magistrate Judge recommends that the court grant Defendant Halocarbon Products Corporation's ("Halocarbon") Motion for Summary Judgment (ECF No. 33) and dismiss Plaintiff Todd Lawrence's ("Lawrence") case. (*Id.* at 1, 16.) For the reasons set forth herein, the court **ACCEPTS** the Magistrate Judge's Report (ECF No. 43) and **GRANTS** Halocarbon's Motion for Summary Judgment (ECF No. 33).

## I. FACTUAL AND PROCEDURAL BACKGROUND

The Report sets forth the relevant facts and legal standards, which this court incorporates herein without a full recitation. (ECF No. 43.) As brief background, Lawrence worked for Halocarbon, a company located in North Augusta South Carolina, as an Assistant Shift Supervisor and oversaw eleven (11) production operators. (ECF No. 34 at 2; ECF No. 38-1 at 1.) During the course of his employment with Halocarbon, Lawrence participated in Halocarbon's drug testing program approximately eight (8) to ten (10) times without any issues. (ECF No. 38-6 at 9–10.) However, on October 27, 2016, Halocarbon announced that it was drug testing its employees,

1

however, on October 28, 2016, the day of the drug test, Lawrence did not attend work because he was allegedly sick. (ECF No. 43 at 2.) While Lawrence was sick at home, two individuals at Halocarbon called Lawrence and advised him to receive his drug test at Urgent M.D., a local medical provider in North August because he could not participate in an on-site drug test. (*Id.*; ECF No. 38-6 at 11–14.) Lawrence went to Urgent M.D. to take the drug test on October 28, 2016. (ECF No. 38-6 at 14.) On November 1, 2016, Lawrence was informed that there was a "problem" with his provided specimen, and he needed to submit to a second drug test. (ECF No. 38-6 at 28–29.) Lawrence's first drug test produced an "invalid" test result. (ECF No. 33-1 at 57.) After these issues with the first drug test, Lawrence provided a second sample for drug testing. (ECF No. 38-6 at 30–31; ECF No. 33-2 at 4.) The lab results for Lawrence's second test indicated that the specimen was "dilute." (ECF No. 33-1 at 58.) Lawrence maintains that the dilution resulted from his excessive consumption of water, while officials with Halocarbon opine that other employees consume large amounts of water and do not have similar test results. (Pursuant to its Substance Abuse Policy (ECF No. 33-3 at 16),[1] Halocarbon terminated Lawrence on the basis that his testing sample was diluted. (ECF No. 33-2 at 10.) By means of an administrative process provided by Halocarbon, Lawrence's discharge was affirmed by an appeals committee. (ECF No. 43 at 4; ECF No. 38-6 at 32–33.)

Lawrence originally filed his Complaint against Halocarbon in the Richland County Court of Common Pleas on November 29, 2017. (ECF No. 1-1 at 1–16.) Within his Complaint, Lawrence brings the following claims against Halocarbon: (1) interference with rights and unlawful retaliation under the Family and Medical Leave Act ("FMLA") of 1993, 29 U.S.C. §§ 2615(a)–

---

[1] Halocarbon's substance abuse policy provides the following: "Any employee, who refuses to be tested, alters or *dilutes a specimen* or fails to show up for a test without sufficient reason will be terminated." (ECF No. 33-3 at 16 (emphasis added).)

(b); (2) discrimination and unlawful retaliation under the Americans with Disabilities Act ("ADA") of 1990, 42 U.S.C. §§ 12112(a), 12203(a); and (3) discrimination under the Age Discrimination in Employment Act ("ADEA") of 1967, 29 U.S.C. § 623(a). (*Id.* at 10–15.) Halocarbon removed Lawrence's action to the United States District Court for the District of South Carolina on December 28, 2017. (ECF No. 1.) Halocarbon filed its Motion for Summary Judgment, seeking judgment as to all of Lawrence's claims, on January 7, 2019, which subsequently elicited Lawrence's Responses in Opposition on February 4, 2019, and February 5, 2019. (ECF Nos. 33, 38, 40.)

In response to Halocarbon's Motion and Lawrence's Responses in Opposition, the Magistrate Judge filed his Report on July 3, 2019. (ECF No. 43.) Within the Report, the Magistrate Judge first reasoned, pertaining to his interference claim under the FMLA, that Lawrence failed to present sufficient evidence that he suffered any prejudice from an interference with his rights under the FMLA because he "did not lose any compensation or benefits as a result of the difficulty obtaining FMLA forms, the charge of attendance points (which was later remedied), the lack of notice, or the drug test requirement." (*Id.* at 8–9.) Turning to Lawrence's retaliation claim under the FMLA, the Magistrate Judge found that Lawrence failed to provide sufficient evidence of whether Halocarbon's justification for firing him was pretext under the burden-shifting framework set forth within *McDonnell Douglas Corp. v. Green*, 411 U.S. 792 (1973). (*Id.* at 10–13.) Lastly, as it relates to Lawrence's claims under the ADA, the Magistrate Judge also concluded that Lawrence failed to show pretext concerning Halocarbon's proffered reason for firing him was pretext for a discriminatory or retaliatory reason. (*Id.* at 16.) In addition to providing the court with his recommendation, the Magistrate Judge advised both parties of their rights to file specific objections to the Report. (ECF No. 43.) To date, neither Lawrence nor Halocarbon objects to the

Report.

## II. LEGAL STANDARD

The Magistrate Judge's Report is made in accordance with 28 U.S.C. § 636(b)(1) and Local Civil Rule 73.02 for the District of South Carolina. The Magistrate Judge only makes a recommendation to this court, and the recommendation has no presumptive weight. *See Mathews v. Weber*, 423 U.S. 261, 270–71 (1976). The responsibility to make a final determination remains with the court. *Id.* at 271. As such, the court is charged with making *de novo* determinations of those portions of the Report to which specific objections are made. *See* 28 U.S.C. § 636(b)(1). *See also* FED. R. CIV. P. 72(b)(3). In the absence of specific objections to the Magistrate Judge's Report, the court is not required to give any explanation for adopting the Report. *See Camby v. Davis*, 718 F.2d 198, 199 (4th Cir. 1983). Rather, "in the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005) (quoting FED. R. CIV. P. 72 advisory committee's note). Furthermore, a failure to file specific, written objections to the Report results in a party's waiver of the right to appeal from the judgment of the court based upon such recommendation. 28 U.S.C. § 636(b)(1). Thus, the court may accept, reject, or modify, in whole or in part, the Magistrate Judge's recommendation or recommit the matter with instructions. 28 U.S.C. § 636(b)(1).

## III. DISCUSSION

The parties were apprised of their opportunity to file specific objections to the Report on July 3, 2019. (ECF No. 43.) Upon review of the record, neither Lawrence nor Halocarbon filed any objections to the Report. In the absence of specific objections to the Magistrate Judge's Report,

4

the court is not required to give any explanation for adopting the Report and must only discern whether the Report contains clear error. *See Camby*, 718 F.2d at 199; *Diamond*, 416 F.3d at 315. After a thorough and careful review of the record, the court finds the Magistrate Judge's Report provides an accurate summary of the facts and law in the instant case. (ECF No. 43.) Because specific objections were not filed by either party and the Report does not contain clear error, the court adopts the Report herein. *See Camby*, 718 F.2d at 199; *Diamond*, 416 F.3d at 315.

## IV. CONCLUSION

After a thorough review of the Report and record in this case, the court **ACCEPTS** the Magistrate Judge's Report and Recommendation (ECF No. 43) and incorporates it herein. Accordingly, the court **GRANTS** Halocarbon's Motion for Summary Judgment (ECF No. 33).

**IT IS SO ORDERED.**

United States District Judge

July 29, 2019
Columbia, South Carolina